THE BANKERS' UNION OF THE WORLD v. THADDEUS PICKENS *et al.*.

**No. 13,849.** ( 79 Pac. 148.)

Error from Geary district court; OSCAR L. MOORE, judge. Opinion filed January 7, 1905. Affirmed.

*Humphrey & Humphrey,* and *E. A. Austin,* for plaintiff in error; *F. L. Weaver,* of counsel.

*Roark & Roark,* for defendants in error.

*Per Curiam:* This action was brought against the Bankers' Union of the World by the beneficiaries of a certificate issued to Florence Pickens by the Order of Select Friends, a mutual benefit association. Florence Pickens transferred her membership to the Bankers' Union of the World, by whom payment of her certificate was guaranteed. Judgment was rendered for the plaintiffs, and the Bankers' Union prosecutes error.

The Order of Select Friends became insolvent, and upon the solicitation of the Bankers' Union of the World Florence Pickens transferred her membership to that order and was reinsured by it by the issuance to her of a guaranty, or rider, as it is called, instead of a certificate. By the conditions of this guaranty the Bankers' Union assumed all the obligations of the Select Friends, and agreed to pay to the beneficiaries of Florence Pickens, upon her death, the amount specified in her certificate in that order. The defendant moved to strike certain matters from plaintiffs' petition, which motion was denied. This is one of the assignments of error. The allegations of the petition thus attacked may be said to have been surplusage, but the retention of them in the petition, and the denial of the motion to strike out, were not prejudicial to the defendant and no substantial wrong was done.

The plaintiff in error also assigned the overruling of its demurrer to the petition as a ground of error. We think the demurrer was properly overruled. The petition certainly

stated facts sufficient, if true, to entitle the plaintiffs to recover.

The defendant's answer tendered two issues of fact: (1) That Florence Pickens falsely represented the condition of her health in her application for admission into the order; (2) that when Florence Pickens made application for membership in the defendant order she was fatally ill of a pulmonary disease, and was greatly worried over the loss of her insurance in the Select Friends, because of its insolvency; that for the purpose of putting her mind at rest her husband requested one C. C. Holbrook to go to her residence, take her application for membership in the defendant order, and give her the guaranty sued on; that in compliance with such request Holbrook, acting as the agent of the husband of Florence Pickens, did as requested, took her application, issued the guaranty, and assured her that her insurance was safe.

The case was tried by the judge without a jury, who made findings of fact very specifically and in detail. From such findings it appears that every material fact put in issue by the pleadings necessary for plaintiffs to recover was found for plaintiffs, and every material fact relied upon by the defendant as a defense was found against it. There is substantial evidence tending to support such finding.

The judgment of the court below is affirmed.